UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEROME MCCLINTON                             CIVIL ACTION NO. 11-cv-2156

VERSUS                                       JUDGE ELIZABETH ERNY FOOTE

SAM'S EAST, INC., ET AL.                     MAGISTRATE JUDGE MARK HORNSBY

## MEMORANDUM ORDER

Mr. McClinton, a former employee of Sam's Club, alleges that he was retaliated against after he filed a police report and an Equal Employment Opportunity Commission (EEOC) charge related to allegations of sexual harassment and gender and racial discrimination in the workplace. Mr. McClinton is proceeding pro se in this matter. Sam's East, Inc., Wal-Mart Associates Inc., and Wal-Mart Stores East LP ("Defendants") now move to dismiss Mr. McClinton's retaliation claim [Record Document 67]. For the reasons given below, the Court **GRANTS** Defendants' Motion to Dismiss.

I.    **Factual and Procedural Background**

The Court, in a previous Memorandum Order [Record Document 65], has detailed the facts of the case, and the Court hereby references its previous Order for the complete factual record. Mr. Clinton asserts that while employed at Sam's Club in Shreveport, he was subject to sexual harassment and gender and racial discrimination prior to his termination. Documents relating to Mr. McClinton's termination indicate that his employment with Sam's Club was terminated on the grounds that he harassed and

intimidated other employees and caused them to fear for their safety.[1]  Defendants also terminated Mr. McClinton's employment for use of a "personal electronic device that harms Walmart's legitimate business interests."[2]   Mr. McClinton claims his managers convinced employees to make false statements against him in order to terminate him.[3]  He also claims that he was terminated because he filed a complaint against the Defendants with the EEOC.[4]  It is his final claim that is the basis for this Motion to Dismiss.

## II. Law and Analysis

### A. Standard for Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of any claim that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to survive a Rule 12(b)(6) motion to dismiss, a "complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  Hershey v. Energy Transfer Partners, L.P, 610 F.3d 239, 245 (5th Cir. 2010).  While a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, it must at least allege plausible grounds from which one could infer that the elements of the claim can be made out.  Bell Atlantic Co. v. Twombly, 550 U.S. 544, 556 (2007), In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).  The complaint

---

[1] Record Document 43-1, p.40.

[2] Id.

[3] Record Document 43-1, pp. 24-26.

[4] Record Document 32, p. 4.

must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of [every element of the claim]."  Bell Atlantic Co., 550 U.S. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Courts must not, however, convert this "plausibility" requirement into an analysis of whether the non-moving party is likely to succeed on the merits.  Bell Atlantic Co., 550 U.S. at 556 ("of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")  (citations omitted).  In order to insure equal access to the courts pleadings of litigants proceeding pro se are treated liberally.  U.S. v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996).

## B. Retaliation Claim

Although his various complaints do not include a heading for a claim of retaliation, Mr. McClinton makes clear that he intends to pursue a Title VII retaliation claim for being terminated for filing a complaint with the EEOC.  So long as the complaint alleges facts upon which relief can be granted, it states a claim even if it "fails to categorize correctly the legal theory giving rise to the claim."  Dussouy v. Gulf Coast, 660 F.2d 594, 604 (5th Cir. 1981).  42 U.S.C. §2000e-3(a) establishes a claim for retaliation against an employee who files an EEOC complaint:

> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings: It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member

thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. §2000e-3(a).

Mr. McClinton repeatedly asserts that he was terminated because he filed a police report and a charge with the EEOC. Under the heading "Gender Discrimination," he writes, "Mr. McClinton was terminated for not dropping the E.E.O.C. charge an [sic] for filing a police report on manage [sic] Amanda."[5] Similarly, in his Opposition to the Defendant's first Motion to Dismiss, he claims, "Plaintiff was a former employee of Sam's Club located at 7400 Youree Dr. Shreveport, Louisiana, where I was terminated on December 7, 2011 for not droping [sic] the E.E.O.C. Charge against manager Amanda an [sic] not dropping the Police report against her."[6]

Defendants argue that Mr. McClinton has not exhausted his Title VII administrative prerequisites because his retaliatory discharge claim remains pending before the EEOC.[7] The record indicates Mr. McClinton has filed three Charges of Discrimination with the EEOC regarding retaliation claims.[8] Charge No. 461-2011-01956 alleges both sex and retaliation discrimination, and the Notice of Charge was issued September 8, 2011.[9] Mr. McClinton received a Dismissal and Notice of Rights for Charge No. 461-2011-01956 on September 20, 2011, which gave him notice that the EEOC was

---

[5] Record Document 75, pp. 14.

[6] Record Document 31-1, p.4, see also Record Document 43-1, p.44.

[7] Record Document 67-2, pp.2.

[8] Record Document 67-1, Exhibit 1, Exhibit 2, Exhibit 3.

[9] Record Document 67-1, Exhibit 1.

dismissing his claim.[10] This dismissal gave Mr. McClinton the right to sue on his discrimination claims.[11] The record indicates that Mr. McClinton has filed two additional retaliation charges under Title VII, Charge No. 461-2012-00270, which was issued November 30, 2011, and Charge No. 461-2012-00640, which was was issued April 2, 2012.[12] There is no evidence in the record that either one of these Charges has been dismissed by the EEOC. Mr. McClinton admits that he has additional retaliation charges pending before the EEOC that he is not asserting in the present matter.[13]

Defendants argue that the only retaliation claim Mr. McClinton has a right to sue under is the Charge No. 461-2011-01956, which was issued prior to his termination from Sam's Club on or around December 6, 2011. As such, Defendants argue that Mr. McClinton's claim of retaliatory discharge must be one of the other charge numbers that are still pending before the EEOC, and because the EEOC has not issued a Dismissal and Notice of Rights with respect to the retaliatory discharge claim, Mr. McClinton has not exhausted his Title VII administrative prerequisites.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Taylor v. Books A Million, Inc., 296 F.3d 376, 378-379 (5th Cir. 2002). Plaintiff's retaliation claim is based upon his termination from Sam's Club on or around December

---

[10]Record Document 70, Exhibit 2.

[11]Id.

[12]Record Document 67-2, Exhibits 2 and 3.

[13]Record Document 69-1, pp. 4.

6, 2011, which he argues was the result of his refusal to drop an EEOC charge against the company.

The Court finds that the only retaliation charge which has been properly dismissed by the EEOC pre-dates Mr. McClinton's termination from the Sam's Club, and accordingly, that particular retaliation charge cannot be premised on the termination of his employment, which had yet to happen. As Charge No. 461-2011-01956 is the only discrimination charge in the record that has been administratively exhausted, the Court finds that Mr. McClinton has not provided evidence he has exhausted his Title VII administrative prerequisites for the retaliatory discharge claim. For the above reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

### III. Conclusion

For the reasons given above, the Court **GRANTS** Defendants' Motion to Dismiss [Record Document 67] and hereby **dismisses without prejudice** Mr. McClinton's retaliation claim. This matter is now complete and the clerk is instructed to close the file.

Shreveport, Louisiana, this 24th day of May, 2013.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE